IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
) CIVIL ACTION NO.  06-CV-2069 KHV/DJW
v. )
)
BURLINGTON NORTHERN SANTA FE )
RAILWAY CO. and )
TRANSPORTATION COMMUNICATIONS )
INTERNATIONAL UNION, )
)
Defendants. )

## Nature of the Action

This is an action under the Age Discrimination in Employment Act to correct unlawful

employment practices on the basis of age and to provide appropriate relief to Ellen Foste, Erma

Gossage and other similarly situated individuals who were discriminated against because of their

age.  Plaintiff alleges that Defendant Burlington Northern Santa Fe Railway Co. and Defendant

Transportation Communications International Union eliminated covered employees' protected

status under the collective bargaining agreement at age seventy because of their age.  Plaintiff

further alleges that Defendant Burlington Northern Santa Fe Railway Co. failed and refused to

allow otherwise eligible employees to participate in Voluntary Reserve Board Programs because

of their age.

## Jurisdiction and Venue

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2.      The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the District of Kansas.

## Parties

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, Burlington Northern Santa Fe Railway Co. ("BNSF") has continuously been a Delaware Corporation doing business in the State of Kansas and the County of  Johnson and has continuously had at least 20 employees.

5.      At all relevant times, Defendant BNSF has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6.      At all relevant times, Defendant Transportation Communications International Union ("TCU") has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 25 members.  At all
relevant times, TCU has been a recognized collective bargaining representative for employees of the Defendant BNSF.

7.     At all relevant times, Defendant TCU has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e).

## Conciliation

8.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## Statement  of Claims

9.      Since at least July 2003, Defendant BNSF and Defendant TCU have engaged in unlawful employment practices at BNSF's facilities throughout the United States, including those in Kansas City, Kansas, in violation of  Section 4(d) of the ADEA, 29 U.S.C. § 623 (d). Defendant BNSF and the Defendant TCU were and are parties to a Mediation Agreement that amends the collective bargaining agreement covering clerical employees to eliminate a covered employee's protected status when he/she becomes eligible for an annuity at age seventy.

10.     Since at least July 2003, Defendant BNSF has engaged in unlawful employment practices at its facilities throughout the United States, including those in Kansas City, Kansas, in violation of  Section 4(d) of the ADEA, 29 U.S.C. § 623 (d).  Defendant BNSF has failed and refused to allow otherwise eligible employees to participate in Voluntary Reserve Board Programs, which it has offered to clerical employees in certain of its facilities, because of their age.

11.     The effect of the practices complained of in paragraphs 10 and 11 above has been to deprive certain of Defendant BNSF's employees of equal employment opportunities and otherwise adversely affect  their status as employees, because of  their age.

12.      The unlawful employment practices complained of in paragraphs 10 and 11 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

### **Prayer for Relief**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant BNSF, its officers, successors, assigns and all persons in active concert or participation with it, from:

(1)     eliminating covered employees' protected status under the collective bargaining agreement because of their age.

(2)     refusing to allow otherwise eligible employees from participating in any Voluntary Reserve Board Program offered to employees because of their age; and

(3)     engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.     Grant a permanent injunction enjoining Defendant TCU, its officers, successors, assigns and all persons in active concert or participation with it, from eliminating covered employees' protected status under the collective bargaining agreement because of their age and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

*4*

C.      Order Defendant BNSF to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant TCU to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

E.      Grant a judgment requiring Defendant BNSF to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages or prejudgment interest in lieu thereof to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to those employees named on Exhibit A, attached hereto, and all other employees who were otherwise eligible but who were denied the opportunity to participate in Voluntary Reserve Board Programs because of their age.

F.      Order Defendant BNSF to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including but not limited to permitting those employees named on Exhibit A, attached hereto, and all other employees who were otherwise eligible but who were denied the opportunity to participate in a Voluntary Reserve Board Program because of their age to participate in a Voluntary Reserve Board Program or to obtain the benefits of such a program.

G.      Order Defendant TCU to make whole all individuals adversely affected by the unlawful practices described above, by providing affirmative relief necessary to eradicate the effects of its unlawful practices including but not limited to reinstating the protected status under

5

the collective bargaining agreement for Ellen Foste and all other employees whose protected status under the collective bargaining agreement was eliminated because of their age.

      H.     Grant such further relief as the Court deems necessary and proper in the public interest.

      I.     Award the Commission its costs of this action.

### Designation of Place of Trial

Plaintiff designates Kansas City, Kansas as the place of trial of this action.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Robert G. Johnson
ROBERT G. JOHNSON
Regional Attorney


/s/ Barbara A. Seely
BARBARA A. SEELY
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
(314) 539-7914

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

*6*

<u>EXHIBIT A</u>

Ellen Foste
Erma Gossage
Robert N. Couchillon
Jackie L. Byars
Billie J. Turrentine
John M. McCright
Ron C. Anderson
Joyce D. Schoenfled
John B. Huss
Perry L. Skinner
Anthony R. Bagzis
Henry E. Ruane
Larry E. Baysden
Carol L. Young
Gary W. Humbarger
Wesley E. McKinley
Richard L. Smith
Hal C. Matter
Donald J. Perkins
Jean A. Wilson
Jerrald L. Williams
Larry G. Kelly
Ray E. Porrino
William L. Martin
Dorothy L. Sherretts
John S. Stell
Pricscilla J. Peters
Mary A. Grcia
Nancy J. Blott
Karin L. Martin
Phyllis L. Peterson
Robert D. Starr
Douglas M. Brier