IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF KANSAS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 06-2069-JWL-GLR |
| BURLINGTON NORTHERN SANTA FE RAILWAY CO. and TRANSPORTATION COMMUNICATIONS INTERNATIONAL UNION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## PARTIAL CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action against Defendant Burlington Northern Santa Fe Railway Co. ("BNSF") and Defendant Transportation Communications International Union ("TCIU") by filing a First Amended Complaint alleging, in Paragraph 9, that Defendants are parties to a collective bargaining agreement which discriminates against certain employees age seventy and older because of age by  eliminating "a covered employee's protected status when he/she becomes eligible for an annuity at age seventy," in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").  The First Amended Complaint alleged additional violations of the ADEA by BNSF alone.

For purposes of settlement and compromise only, and with no admission of liability by Defendants, the parties have advised the Court that they wish to settle the above-referenced allegations set forth in Paragraph 9 of the First Amended Complaint without the expense, delay and burden of further litigation as to this issue.  The parties do

not intend that any other claims made by the EEOC in its First Amended Complaint be resolved by this Partial Consent Decree, and Defendants do not intend to waive any defenses to any such other claims.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties that (i) this Court has jurisdiction over the parties to and the subject matter of this action; (ii) the requirements of the ADEA will be carried out by the implementation of this Decree; (iii) this Partial Consent Decree is intended to and does resolve all claims made by Plaintiff against Defendant TCIU; (iv) this Partial Consent Decree is intended to and does resolve all claims for injunctive relief for Defendant BNSF's alleged violation of the ADEA as set forth in Paragraph 9 of Plaintiff's First Amended Complaint; and (v) the terms of this Partial Consent Decree constitute a fair and equitable settlement of the claims issue raised in Paragraph 9 of the First Amended Complaint.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I.  General Provisions

1.    This Partial Consent Decree is being entered with the consent of the parties for purposes of settlement and shall not constitute an adjudication on the merits of this lawsuit or be construed as an admission by Defendants of any violation of the ADEA or any other executive order, law, rule or regulation dealing with age discrimination in employment.

## II.  Injunctive Relief

2.    Within sixty (60) days of the Court's entry of the Partial Consent Decree, Defendants shall amend Appendix 9 of the agreement between BNSF and TCU effective

2

July 1, 2000, to delete the following language from the first sentence of Article II, Section 1: "or he becomes eligible for an annuity at Age 70 under the Railroad Retirement Act."

3.      Within ninety (90) days of the Court's entry of the Partial Consent Decree, Defendants shall notify in writing all clerical employees covered by the Collective Bargaining Agreement referred to in Paragraph 4 above that, pursuant to a Partial Consent Decree entered in the above-captioned action, Appendix 9 of the agreement between BNSF and TCU effective July 1, 2000, has been amended to delete the following language from the first sentence of Article II, Section 1: "or he becomes eligible for an annuity at Age 70 under the Railroad Retirement Act."

### III.  Reporting and Monitoring

4.      Within seventy five (75) days of the Court's entry of the Partial Consent Decree, Defendants shall provide written notice to the EEOC of compliance with the requirements set forth in Paragraph 4 above to Barbara A. Seely, Supervisory Trial Attorney, Equal Employment Opportunity Commission, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103.   Such notice shall include copies of any and all documents memorializing any and all relevant amendments to the Collective Bargaining Agreement.

5.      Defendant shall provide a copy of the written notice referred to in Paragraph 5 above to Barbara A. Seely, Supervisory Trial Attorney, Equal Employment Opportunity Commission, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103 at the time it is given to all clerical employees.

6.      Within thirty (30) days of the provision of the notices referred to in paragraphs 6 and 7 above, TCU shall be dismissed as a defendant in this matter, unless

within that time period the EEOC files with the Court an objection to such a dismissal, based on claimed non-compliance with this agreement.  The merits of such an objection will be resolved by the Court.

### IV.  Term and Effect of Decree

7**.**     By entering into this Partial Consent Decree, the parties do not intend to resolve any charges of discrimination other than the charge filed by Ellen Foste, to the extent that her charge provided the jurisdictional foundation for the claims made by Plaintiff in Paragraph 9 of its First Amended Complaint against Defendant BNSF.

8.     This Partial Consent Decree does not resolve Plaintiff's claims against Defendant BNSF for monetary relief for Ellen Foste and any other current or former employee who was denied the opportunity to participate in a Voluntary Reserve Board Program offered by Defendant BNSF at any since from November 22, 1988, because he was eligible for an annuity at age seventy and was therefore not a protected employee under the Collective Bargaining Agreement.

9.     This Partial Consent Decree shall be binding upon the parties hereto, their successors and assigns.

10**.**     The Court will retain jurisdiction solely for the purpose of enforcing this Partial Consent Decree.

11.     The parties shall bear their own costs and attorneys' fees.

FOR DEFENDANT BNSF:

FOR PLAINTIFF:

RONALD S. COOPER
General Counsel

/s/ Donald J. Munro
DONALD J. MUNRO
Attorney for Burlington Northern
Santa Fe Railway Co.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FOR DEFENDANT TCIU:

/s/ Robert G. Johnson
ROBERT G. JOHNSON
Regional Attorney

/s/ Mitchell M. Kraus
MITCHELL M. KRAUS
General Counsel
Transportation Communications
International Union

/s/ Barbara A. Seely
BARBARA A. SEELY
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7914
(314) 539-7895 (Facsimile)

Date:  August 28, 2006

 s/ John W. Lungstrum
UNITED STATES DISTRICT JUDGE