IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,        )<br>)<br>    Plaintiff,        )<br>)<br>v.        )<br>)<br>BURLINGTON NORTHERN SANTA FE RAILWAY CO.,        )<br>)<br>    Defendant.        )<br>) | CIVIL ACTION NO.<br>2:06-CV-2069 |

## CONSENT DECREE

### I.  Introduction

The parties to this Consent Decree are Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant Burlington Northern Santa Fe Railway Company (now known as BNSF Railway Company ("BNSF")).

The EEOC instituted this action against BNSF and the Transportation Communications International Union ("TCU"), which represents individuals in the clerical craft or class employed by BNSF.  The EEOC alleged in its First Amended Complaint that a collective bargaining agreement between BNSF and TCU discriminated against certain clerical employees age seventy and older because of their age by eliminating a covered employee's protected status when he/she becomes eligible for an annuity at age seventy, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").   This claim was resolved pursuant to a Partial Consent Decree that was previously entered by the Court.  Pursuant to that Partial Consent Decree, TCU was dismissed from this action.

The EEOC further alleged in its First Amended Complaint that BNSF had failed and refused to allow otherwise eligible clerical employees represented by TCU to participate in certain early retirement programs because of their age, also in violation of the ADEA.

BNSF denied that any of its early retirement programs offered to TCU-represented clerical employees violated the ADEA, and further asserted various affirmative defenses. After extensive discovery and comprehensive settlement negotiations, the parties have agreed that it is in their mutual interest to settle in order to avoid the expense, delay, uncertainty and burden of further litigation. Accordingly, for purposes of settlement and compromise only, and with no admission of liability by BNSF, the parties have advised the Court that they wish to resolve this matter as set forth below.

Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record , and stipulations of the parties, the Court finds as follows:

(i) this Court has jurisdiction over the parties to and the subject matter of this action;

(ii) the requirements of the ADEA will be carried out by the implementation of this Decree;

(iii) this Decree is intended to and does resolve all remaining matters in controversy in this lawsuit among the parties; and

(iv) the terms of this Decree constitute a fair and equitable settlement of all issues remaining in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## II.  General Provisions

1. <u>Effect</u>:  This Decree fully and completely resolves all claims arising under the ADEA pertaining to the early retirement programs ("ERPs"), as defined herein, of BNSF and its predecessor railroads, as well as any and all claims arising out of or contained in EEOC Charge Nos. 281-2003-03361 (Foste) and 281-2005-00548 (Gossage).  This Decree is being entered with the consent of the parties for purposes of settlement and shall not constitute an adjudication on the merits of this lawsuit or be

construed as an admission by BNSF of any violation of the ADEA or any other executive order, law, rule or regulation dealing with age discrimination in employment.

        2.       <u>Term</u>:  This Decree shall become effective immediately upon the date on which the Court enters it.  This Decree shall be binding for a period of two (2) years.

        3.       <u>Non-Retaliation</u>:  Defendant shall not discriminate against any employee or former employee because such employee has opposed any practices alleged in this lawsuit to be unlawful under the ADEA, has participated in an investigation related to this lawsuit, and/or has benefited in any way as a result of this Decree.

        4.       <u>Definitions</u>:

            (a)     BNSF:  The remaining defendant named in Civil Action No. 2:06-CV-2069 following the dismissal of the TCU, together with its predecessors, successors, agents, officers, employees and assigns.

            (b)     RRA:  The Railroad Retirement Act, 45 U.S.C. § 231, *et seq.*

            (c)     Early Retirement Program ("ERP"):  Any lump sum or voluntary reserve board program offered by BNSF or its predecessors between 1988 and the effective date of this Consent Decree to clerical employees represented by TCU in Havre, MN, Springfield, MO, Alliance, NE, Topeka, KS, Kansas City, KS and Fort Worth, TX and any lump sum or voluntary reserve board offered to clerical employees represented by TCU during the same period pursuant to or modeled after the Master Implementing Agreement designed to induce clerical employees to retire.

            (d)     C lass Members:  All individuals identified by EEOC as persons who were not permitted to participate in any ERP, as defined herein, because of eligibility for an unreduced annuity under the RRA, or who were not permitted to participate in any ERP for the

maximum period under the terms of the offer because of intervening eligibility for an unreduced annuity under the RRA.

### III.  Monetary Relief for Class Members

5. Within sixty (60) days of the effective date of this Consent Decree, BNSF shall pay a total of eight hundred thousand dollars ($800,000) in backpay to the Class Members listed in Attachment A in the amounts listed therein.  BNSF shall make applicable deductions for income taxes and railroad retirement taxes and shall issue a Form  W-2 to each Class Member in the amount of his/her portion of the settlement amount.  The Class Members who receive funds pursuant to this Consent Decree are solely responsible for all income tax obligations associated therewith.

6. Acting in its sole discretion, subject to the approval of the Court, the EEOC has determined the portion of the gross settlement amount to be allocated to each class member pursuant to this Consent Decree.  In making such determinations, the EEOC considered evidence that it deemed appropriate, including evidence received by the EEOC from Class Members and evidence received from BNSF in connection with the litigation of this action.  In particular, the EEOC considered the following: (a) whether Class Members remained employed by BNSF and continued to earn wages after being denied the opportunity to participate in an ERP and, if so, for how long; and (b) the amount of benefits Class Members who participated in an ERP received before their benefits were cut off because they became eligible for an unreduced annuity.  BNSF did not participate in those determinations and did not and does not have a right to object to them.

### IV.  Injunctive Relief

7. Defendant shall not offer any **voluntary retirement incentive** to TCU-represented clerical employees in the future that discriminates on the basis of age.

8. Defendant shall be permitted to offer voluntary retirement incentives to TCU-represented clerical employees that include one or more of the following:

(a) Voluntary retirement incentives that are available to all employees regardless of age or seniority and that provide the same lump sum amount to any employee who elects to participate;

(b) Voluntary retirement incentives that are only available to employees who are within a fixed window of time prior to eligibility for an unreduced annuity under the RRA and that provide monthly payments until such time as the participating employee becomes eligible for an unreduced annuity under the RRA, in accordance with 29 U.S.C. § 623(l)(1)(B)(i);

(c) Voluntary retirement incentives that are only available to employees who are within a fixed window of time prior to attaining the number of years of service necessary to obtain the maximum possible unreduced annuity under the RRA and that provide monthly payments until such time as the participating employee attains that number of years of service, in accordance with 29 U.S.C. § 623(i)(2).

Any voluntary retirement incentive offered by BNSF to clerical employees represented by TCU may be offered in seniority order (from higher to lower) or on a first-come, first-served basis.

9. Notwithstanding the preceding provisions of this Consent Decree, the EEOC is not precluded from pursuing charges under the ADEA with respect to any voluntary retirement incentive offered by BNSF after the effective date of this Decree that does not comply with this Decree and the ADEA.

10. Within thirty (30) days of the entry of this Decree and for the two (2) year duration of this Decree, Defendant shall post and cause to remain posted copies of the Notice attached hereto as Attachment B at each of its facilities in the United States where

Defendant displays the EEOC posters, Workers' Compensation posters, and other information relating to employee rights as required by law.

## V.  Reporting and Monitoring

11.     Within seventy-five (75) days of the Court's entry of this Decree, Defendant shall provide copies of the checks issued and mailed to the Class Members listed on Attachment A pursuant to the requirements set forth in Paragraph 5 above to Barbara A. Seely, Supervisory Trial Attorney, Equal Employment Opportunity Commission, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103.

12.     Defendant shall provide a copy of the written notice referred to in Paragraph 10 above to Barbara A. Seely, Supervisory Trial Attorney, Equal Employment Opportunity Commission, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103 within fifteen (15) days of its posting.

13.     Defendant shall provide copies of any and all documents setting forth the terms and conditions of any and all voluntary retirement incentives which it offers to TCU-represented clerical employees during the life of this Decree to Barbara A. Seely, Supervisory Trial Attorney, Equal Employment Opportunity Commission, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103, within ten (10) days of the date upon which it is offered.

14.     For the duration of this Decree, Defendant shall allow representatives of the EEOC to review Defendant's compliance with such Decree by inspecting and photocopying relevant documents and records, and/or interviewing employees and management officials.  Such review of compliance shall be initiated by written notice to the Defendant's attorney of record at least fifteen (15) business days in advance of any EEOC compliance review.

## VI.  Miscellaneous Provisions

15. By entering into this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the EEOC other than the charges that created the procedural foundation for the complaint in this case.

16. This Decree shall be binding upon the parties hereto, their successors, and assigns.  Defendant shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place during the two (2) year duration of this Decree.

17. The Court shall retain jurisdiction of this case for purposes of compliance and enforcement.

18. Each party shall bear its own costs and attorneys' fees.


FOR DEFENDANT BNSF:                    FOR PLAINTIFF:

                                       RONALD S. COOPER
                                       General Counsel
                                       l
JOHN J. FLEPS                          JAMES L. LEE
Vice President Labor Relations         Deputy General Counsel
Burlington Northern Santa
Fe Railway Co.                         GWENDOLYN YOUNG REAMS
                                       Associate General Counsel

/s/ Donald J. Munro
Attorney for Burlington Northern       /s/ Robert G. Johnson
Santa Fe Railway Co.                   ROBERT G. JOHNSON
                                       Regional Attorney


                                       /s/ Barbara A. Seely
                                       BARBARA A. SEELY
                                       Supervisory Trial Attorney

                                       EQUAL EMPLOYMENT OPPORTUNITY
                                       COMMISSION
                                       St. Louis District Office
                                       1222 Spruce St., Room 8.100
                                       St. Louis, MO 63103
                                       (314) 539-7914
                                       (314) 539-7895 (Facsimile)

Date: March 30, 2007                    S/ Julie A. Robinson
                                        UNITED STATES DISTRICT JUDGE

ATTACHMENT A

| | |
|---|---:|
| Erma Gossage | $50,894.00 |
| Jo Foste | 50,894.00 |
| Jerrald Williams | 23,698.00 |
| John S. Stell | 28,228.50 |
| Dorothy L. Sherretts | 28,228.50 |
| Jean A. Wilson | 20,213.00 |
| Richard L. Smith | 28,925.50 |
| Mary A. Garcia | 20,213.00 |
| Carol L. Young | 28,925.50 |
| Gary W. Humbarger | 28,577.00 |
| Priscilla J. Peters | 28,577.00 |
| John M. McCright | 26,486.00 |
| Larry E. Baysden | 26,486.00 |
| Perry L. Skinner | 25,092.00 |
| Marvin T Ashlock | 11,152.00 |
| Richard E. Hart | 20,910.00 |
| Karin L. Martin | 6,000.00 |
| Ray E. Porrino | 6,000.00 |
| Donald J. Perkins | 6,000.00 |
| Douglas M. Brier | 6,000.00 |
| P. L. Peterson | 6,000.00 |
| Robert D. Starr | 6,000.00 |
| Nancy J. Blott | 6,000.00 |
| Wesley E. McKinley | 6,000.00 |
| Henry E. Ruane | 6,000.00 |
| Anthony R. Bagzis | 6,000.00 |

| | |
|---|---|
| Joyce Schoenfeld | 6,000.00 |
| Billy J. Turrentine | 6,000.00 |
| Robert Bouchillon | 6,000.00 |
| Ronald C. Anderson | 6,000.00 |
| Jackie L. Byers | 6,000.00 |
| Richard H. Moody | 6,000.00 |
| Edwin L. Hibbs | 6,000.00 |
| James Castleman | 6,000.00 |
| Barbara A. Dooly | 6,000.00 |
| Robert Olson | 4,500.00 |
| Bobby Decker | 4,500.00 |
| Allen Welch | 4,500.00 |
| James Oestreich | 4,500.00 |
| John Welchhans | 4,500.00 |
| Charles Harth | 4,500.00 |
| Ken Lomax | 4,500.00 |
| Theodore Bingham | 4,500.00 |
| Judy Barr | 4,500.00 |
| Judy Etherton | 4,500.00 |
| Billy Bourne | 4,500.00 |
| Floyd Ragsdale | 4,500.00 |
| Zelma Hofrock | 4,500.00 |
| Stanley Adams | 4,500.00 |
| Roger Bardsley | 4,500.00 |
| Robert Redding | 4,500.00 |
| John Dwyer | 4,500.00 |
| Horace Mallard | 4,500.00 |

| | |
|---|---|
| Levvie Holmes | 4,500.00 |
| Robert Mercer | 3,000.00 |
| Rex Huston | 3,000.00 |
| Mike Byttner, Jr. | 3,000.00 |
| Mark Taylor | 3,000.00 |
| Strethen Bryant | 3,000.00 |
| James Schoenfeld | 3,000.00 |
| George Reynolds | 3,000.00 |
| Judith Edes | 3,000.00 |
| Carole Haynes | 3,000.00 |
| Gregory Warren | 3,000.00 |
| John Swain | 3,000.00 |
| James Lacy | 3,000.00 |
| Lawrence Gurganious | 3,000.00 |
| Lowell Wiley | 3,000.00 |
| Kirk Scott | 3,000.00 |
| Juanita Stone | 3,000.00 |
| John Cunningham | 3,000.00 |
| Jesse Benson | 3,000.00 |
| Marilyn Dechand | 3,000.00 |
| Herbert Kessler | 3,000.00 |
| Richard Wolfe | 3,000.00 |
| Robert Humphries | 3,000.00 |
| Judy Rainey | 3,000.00 |
| Robert Barncord | 3,000.00 |
| Ronald Damon | 3,000.00 |
| E. Ione Henderson | 3,000.00 |

| | |
|---|---|
| Stephen Hopkins | 3,000.00 |
| Georgie Stephens | 3,000.00 |
| Amil Murray | 3,000.00 |
| Foriest Rasco | 3,000.00 |
| Travis Sander | 3,000.00 |
| Terry Salle | 1,500.00 |
| Donald Beseau | 1,500.00 |
| Gary McPhail | 1,500.00 |
| Dennis Kraft | 1,500.00 |
| Olga Esquivel | 1,500.00 |
| David Epperson | 1,500.00 |
| Nolen Cruisenberry | 1,500.00 |
| Delta Johnson | 1,500.00 |
| James Mercer | 1,500.00 |
| Alton Howell | 1,500.00 |
| Allan Frank | 1,500.00 |
| Barbara Grau | 1,500.00 |
| Richard Glissman | 1,500.00 |
| Larry Cushinberry | 1,500.00 |
| Gerald Simecka | 1,500.00 |
| Trenton Decker | 1,500.00 |
| George Stewart | 1,500.00 |
| Joyce Baldwin | 1,500.00 |
| Dixie Hertel | 1,500.00 |
| John Dye | 1,500.00 |
| Roger Brunmeier | 1,500.00 |
| Frank Dillon | 1,500.00 |

| | |
|---|---|
| Linda Nolting | 1,500.00 |
| Kent Davis | 1,500.00 |
| Ada Mitchell | 1,500.00 |
| Gregg Tolin | 1,500.00 |
| Philip Weaver | 1,500.00 |
| Beverly Northcutt | 1,500.00 |
| Roberta Oestreich | 1,500.00 |
| Mary Randol | 1,500.00 |
| David Hall | 1,500.00 |
| Eugene Boden | 1,500.00 |
| Gerald Coffey | 1,500.00 |
| Richard Daggett | 1,500.00 |
| Thomas Holeman | 1,500.00 |
| Jacqueline McCoy | 1,500.00 |
| Gerald McGraw | 1,500.00 |
| Doris Thelen | 1,500.00 |
| Georgia Trammel | 1,500.00 |
| Leo Weyland | 1,500.00 |
| Franklin Barker | 1,500.00 |
| Tommie Gary | 1,500.00 |
| Shawn O'Neill | 1,500.00 |
| Linda Gardner | 1,500.00 |
| Oldrich Valusek | 1,500.00 |
| James Culver | 1,500.00 |
| Pat Gersema | 1,500.00 |
| Stanley Haas | 1,500.00 |
| John Read | 1,500.00 |

| | |
|---|---|
| Shirley Olsen | 1,500.00 |
| Cheryl Cress | 1,500.00 |
| Darrel Whiteside | 1,500.00 |

**ATTACHMENT B**

(On Company Letterhead)

**NOTICE TO EMPLOYEES**

This notice is being posted pursuant to a Consent Decree entered to resolve claims of age discrimination in the case of Equal Employment Opportunity Commission v. Burlington Northern Santa Fe Railway Co., No. 2:06-CV-2069, on file in the United States District Court for the District of Kansas.

Federal laws prohibit discrimination against any employee or applicant for employment because of the individual's disability, race, national origin, color, religion, sex, or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.  Such laws also prohibit retaliation against employees because they have reported or opposed practices that they believe discriminate on the basis of disability, race, national origin, color, religion, sex, or age (40 and over), have filed charges with the Equal Employment Opportunity Commission ("EEOC") or other government agency, or have participated in or cooperated with an investigation by the EEOC or other government agency.

In particular, Federal law prohibits an employer from discriminating against employees based on age.  BNSF supports and will comply with such laws and, further, will not take any action against any employees for exercising their rights under such laws.  BNSF will not tolerate age discrimination or retaliation against any employees who report or oppose age discrimination.

Employees are free to make inquiries or complaints about possible age discrimination to the EEOC, St. Louis District Office, 1222 Spruce, 8th Floor, Room 8100, St. Louis, Missouri, 63103, 314-539-7800.